IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOLOMON LaDANIEL HENDERSON, AIS #250233, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:16-CV-882-MHT ) |
| TONY HELMS, et al., | ) ) |
| Defendants. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Solomon LaDaniel Henderson ("Henderson"), an indigent inmate, on November 9, 2016. In the complaint, Henderson challenges the constitutionality of conditions and actions to which he was subjected during a prior term of incarceration at the Geneva County Jail.[1]

The defendants filed a special report and supporting evidentiary materials addressing Henderson's claims for relief. In these filings, the defendants deny that they acted in violation of Henderson's constitutional rights and argue that this case is due to be dismissed because, prior to filing this cause of action, Henderson failed to exhaust an administrative remedy available to him at the Geneva County Jail relative to the claims

---

[1]The actions and conditions about which Henderson complains occurred from July 29, 2016 until November 8, 2016. *Doc. No. 1* at 3. The inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Henderson was transferred to the custody of the Alabama Department of Corrections on December 5, 2016 and initially housed at Kilby Correctional Facility. Henderson is now incarcerated at Bullock Correctional Facility.

presented in the complaint. *Defendants' Special Report - Doc. No. 12* at 7-9. The defendants base their exhaustion defense on Henderson's failure to appeal the responses to his grievances filed on July 4, 2016 and July 6, 2016 addressing the practice of his religion, *see Defendants' Exh. F - Doc. No. 12-6* at 2-3, and his failure to file any grievance addressing the remaining conditions claims presented in the complaint.[2] It is also clear that, prior to Henderson's initiating this case, the time for filing appeals of the responses provided to his religion-related grievances expired. Furthermore, the record demonstrates that during the litigation of this case the grievance procedure became unavailable to Henderson due to his transfer from the jail and, therefore, he now has no available remedy to challenge the conditions referenced in the complaint.

Upon receipt of the defendants' special report, the court issued orders providing Henderson an opportunity to file a response to the report in which Henderson was specifically directed to address "the defendants' argument[] that … [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act[,]" prior to filing

---

[2] One claim made by Henderson concerns the jail's service of pork products in his meals. *Doc. No. 1* at 3. In his complaint and grievances, Henderson identifies himself as a Sunni Muslim. He also alleges that he identified himself as a Sunni Muslim when he first entered the Geneva County Jail. *Id.; but see Defendants' Exh. C - Doc. 12-3 at 2*. However, on July 12, 2016 (prior to the July 29-November 8, 2016 period during which the alleged violation of his rights occurred, *Doc. No. 1* at 3), Henderson advised jail personnel as follows: "I, Solomon L. Henderson, practice Christianity, believe in Jesus Christ, and that he died on the cross and [arose] in 3 days, and I accept him as my Lord and Savior. I do not practice Islam, and I testify I am a Christian." *Defendants' Exh. F - Doc. No. 12-6* at 7. In addition, despite Henderson's protestations regarding the jail's service of pork products, Henderson, as part of a jail tradition, was permitted to order a pizza on November 26, 2016, and the pizza he ordered contained several pork products as toppings (pepperoni, sausage, ham and bacon). *Defendants' Exh. J - Doc. No. 12-10* at 2; *Defendants' Exh. K - Doc. No. 12-11* at 2.

this federal civil action. *Order of February 9, 2017 - Doc. No. 13* at 1; *Order of April 10, 2017 - Doc. No. 14* at 1. These orders also advised Henderson that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials. *Id*. at 3. In addition, the orders cautioned Henderson that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss … , and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id*. at 4. Henderson failed to respond to either of these orders.

Pursuant to the aforementioned orders, the court deems it appropriate to treat the special report filed by the defendants as a motion to dismiss with respect to the exhaustion defense. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense … is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e(a), the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept*., 476 F. App'x 364, 366 (11th Cir. 2012). The court will therefore "resolve this issue first." *Id*.

"When deciding whether a prisoner has [properly] exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. In so doing, the Eleventh Circuit rejected the inmate plaintiff's argument that "disputed facts as to exhaustion should be decided by a jury [or judge upon a hearing on the exhaustion defense]." *Id*. at 534-535.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Henderson challenges actions and conditions which occurred during his incarceration at the Geneva County Jail in the latter part of 2016. In their response to the complaint, the defendants maintain that this case is subject to dismissal because Henderson failed to exhaust the administrative remedy provided by the jail to address inmate claims prior to filing the instant complaint as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover,

"the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings… . Construing § 1997e(a) to require proper exhaustion … fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement … by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that

administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that at all times relevant to this case the Geneva County Jail provided an administrative remedy for inmate complaints in the form of an inmate grievance procedure. The grievance procedure applicable to the claims presented by Henderson allowed him the opportunity to submit grievances to jail personnel with respect to matters/conditions occurring at the jail and provides as follows:

> **Policy:**
>
> Any inmate shall be allowed to file a grievance at such time as the inmate believes that he/she has been subjected to abuse, harassment, violation of civil rights, or denied privileges allowed to inmates in the Geneva County Jail. Grievances must be restricted to incidents which occur while the inmate is in the custody of the Geneva County Jail.
>
> **Procedure:**
>
> *  *  *
>
> Completed grievance[] forms will be delivered to the Jail Administrator who will respond to the grievance.
>
> The grievance response to the inmate will be in writing.
>
> The decision of the Jail Administrator may be appealed to Sheriff with[in] seventy-two (72) hours of the [inmate's] receipt of the [response to the] grievance.

*Defendant's Exh. L - Doc. No. 12-12* at 2 (internal paragraph numbering omitted).

Based on the undisputed evidence, the court finds that Henderson failed to exhaust the administrative grievance procedure available to him at the Geneva County Jail prior to filing this case. Specifically, the record before the court establishes that Henderson did not appeal the responses provided to the two grievances submitted addressing religious matters within the time permitted by the grievance procedure, nor did he file any grievances with respect to the remaining claims for relief during his incarceration in the jail. It is likewise undisputed that the facility's administrative remedy is no longer available to Henderson. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits … properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to exhaust an administrative remedy previously available to him at the Geneva County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice in accordance with 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy before seeking relief from this court.

3. No costs be taxed herein.

The parties may file objections to this Recommendation on or before May 30, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are cautioned that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 16th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge